**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5045

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-85)

Submitted:  November 30, 2006     Decided:  January 25, 2007

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.  George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Rivers appeals his jury convictions and resulting sentence for conspiracy to distribute and possess with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 and aiding and abetting each other in distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Rivers asserts that (1) the trial court erred in refusing his guilty plea; (2) the trial court erred in denying his Rule 29 motion for judgment of acquittal; (3) his career offender enhancement was unconstitutional; and (4) his sentence was unreasonable. We affirm.

Rivers contends that the district court erred in refusing to accept his plea, despite his refusal to admit that he committed the offense knowingly. Rivers did not object to the court's refusal to accept his guilty plea, so we review for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). A defendant has no constitutional right to plead guilty, or to require the court to accept a plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1969). Santobello v. New York, 404 U.S. 257, 262 (1971); Alford, 400 U.S. at 38 n.11. Rivers' plea agreement did not provide for an Alford plea. Moreover, Rivers never requested or indicated that he wanted to enter an Alford plea. Thus, we find no error in the court's refusal to accept Rivers' plea.

This court reviews the district court's decision to deny a Rule 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Smith, 451 F.3d at 216 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court "may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). If evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

We find that Rivers' argument on appeal amounts to nothing more than his belief that the government witnesses were not

credible because they were cooperating witnesses testifying pursuant to plea agreements. Witness credibility, however, is solely within the province of the jury and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). As such, we find no error in the court's denial of Rivers' Rule 29 motion.

We further find Rivers' contention that his career offender enhancement is unconstitutional under United States v. Booker, 543 U.S. 220 (2005), is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005), in which we held that, where the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions. Accord United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005) ("Career offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.' . . . Booker explicitly excepts from Sixth Amendment analysis the third component of the crime of violence determination, the fact of two prior convictions."), cert. denied, 126 S. Ct. 1080 (2006); see also United States v. Harp, 406 F.3d 242, 247 (4th Cir.) (finding no plain error in the district court's designation of Harp as a career offender), cert. denied, 126 S. Ct. 297 (2005).

Finally, we will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). A

sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, __ U.S.L.W. __ (July 21, 2006) (No. 06-5439). Procedurally, a district court must: (1) properly calculate the sentencing range; (2) determine whether a sentence within the range adequately serves the § 3553(a) factors; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range. Green, 436 F.3d at 455-56. We find the record reflects that the district court here adequately and properly considered all of the sentencing factors. We therefore find Rivers' sentence was reasonable.

Accordingly, we affirm Rivers' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 5 -